**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Kyle L.V.,<br>Plaintiff,<br>vs.<br>Frank J. Bisignano,<br>Defendant. | Case No. 2:26-cv-01028-MDC<br>**ORDER** |

Plaintiff Kyle L.V. filed an Amended *Motion/Application to Proceed In Forma Pauperis* ("IFP") following the Court's denial of his prior IFP application. *ECF Nos. 5*, *7*. This is a social security appeal and plaintiff is proceeding *pro se* in this case. The Court now **GRANTS** plaintiff's IFP application and screens his Complaint (ECF No. 1-1). The Court also **DENIES** plaintiff's Brief (ECF No. 9) without prejudice and with leave to refile and **DENIES** plaintiff's *Motion for Status Check* (ECF No. 10) regarding his amended application as moot. The Court's reasoning is as follows.

## I. WHETHER PLAINTIFF CAN PROCEED IFP

### a. General Legal Principles

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be destitute to qualify for a waiver of costs and fees, but he must demonstrate that because of his poverty he cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

The applicant's affidavit must state the facts regarding the individual's poverty "with some

particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted). If an individual is unable or unwilling to verify his or her poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial status and to deny a request to proceed in forma pauperis. *See, e.g.*, *Marin v. Hahn*, 271 Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed IFP because he "failed to verify his poverty adequately"). Misrepresentation of assets is sufficient grounds in themselves for denying an in forma pauperis application. *Cf. Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th Cir. 2016) (affirming dismissal with prejudice after litigant misrepresented assets on in forma pauperis application).

The District of Nevada has adopted three types of IFP applications: a "Prisoner Form" for incarcerated persons and a "Short Form" (AO 240) and "Long Form" (AO 239) for non-incarcerated persons. The Long Form requires more detailed information than the Short Form. The court typically does not order an applicant to submit the Long Form unless the Short Form is inadequate, more information is needed, or it appears that the plaintiff is concealing information about his income for determining whether the applicant qualifies for IFP status. When an applicant is specifically ordered to submit the Long Form, the correct form must be submitted, and the applicant must provide all the information requested in the Long Form so that the court is able to make a fact finding regarding the applicant's financial status. S*ee e.g.*, *Greco v. NYE Cty. Dist. Jude Robert Lane*, No. 2:15-cv-001370-MMD-PAL, 2016 WL 7493981, at *3 (D. Nev. November 9, 2016), report and recommendation adopted sub nom. *Greco v. Lake*, No. 2:15-cv-001370-MMD-PAL, 2016 WL 7493963 (D. Nev. December 30, 2016).

**b. Analysis**

Plaintiff now qualifies for IFP status. Plaintiff's original IFP application was denied without prejudice, with leave to refile an application that clarified how much he pays on his current debts

monthly and to help support his wife. *ECF No. 5*. In his amended IFP application, plaintiff clarifies that he and his wife pay a combined $2,522 monthly debt or loan payments. *See ECF No. 7* at 4-6. Moreover, plaintiff lists that they have $216.77 in total cash on hand and money in their bank accounts and that they use most of their $7,776.12 total monthly income to pay for $7,659.59 in total monthly expenses. *See id.* at 1-2, 4-5. Altogether, the Court finds that plaintiff addresses the deficiencies in his prior IFP application and adequately shows he "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Plaintiff may proceed with this action without paying the filing fee. Because the Court grants plaintiff's request to proceed IFP, it also denies as moot his *Motion for Status Check* regarding his amended application.

## II. WHETHER PLAINTIFF STATES A PLAUSIBLE CLAIM

### a. Legal Standard

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915(e)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the

deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

**b. Complaint**

Plaintiff's complaint arises from an unfavorable decision by the Commissioner of Social Security Administration. *See ECF No. 1-1*. Plaintiff filed an application for disability insurance benefits. *Id*. The Commissioner ultimately denied the application and found that plaintiff was not disabled. *Id.* Plaintiff argues that the Administrative Law Judge's ("ALJ") decision is not supported by substantial evidence from the record. *Id.* Plaintiff now appeals the decision of the Commissioner to this Court. *Id.*

Plaintiff may appeal to this Court the Commissioner's denial of his application for supplemental security income under Title II of the Social Security Act. This Court has jurisdiction over the matter. 42 U.S.C. § 405(g). Liberally construing *pro se* plaintiff's allegations in the light most favorable to him, the Court finds that plaintiff has asserted a claim upon which relief can be granted. *See Russell*, 621 F.2d at 1039. Plaintiff's Complaint shall thus be served on the Commissioner in accordance with the Supplemental Rule for Social Security Actions ("Supplemental Rule") 3, 42 U.S.C. § 405(g).

## III. HOW THIS CASE WILL PROCEED

Plaintiff filed his Brief in this case before the Court granted his request to proceed IFP and screened his Complaint. Plaintiff also filed his Brief before the Commissioner filed an answer to plaintiff's Complaint. Pursuant to the Supplemental Rules, the Court thus denies plaintiff's Brief without prejudice and with leave to refile as this case proceeds. *See* Fed. R. Civ. P. Supp. Soc. Sec. R. 6. As plaintiff is proceeding *pro se* this case, the Court also provides him a general outline of how this case will proceed.

First, the Commissioner will answer his Complaint within 60 days of receiving notice of this case. Fed. R. Civ. P. Supp. Soc. Sec. R. 4(a). The Commissioner's "answer may be limited to a certified copy of the administrative record…" Fed. R. Civ. P. Supp. Soc. Sec. R. 4(b). Under Supplemental Rule

4(c), Commissioner may also file a dispositive motion under Federal Rule of Civil Procedure 12 within that 60-day period. Fed. R. Civ. P. Supp. Soc. Sec. R. 4(c).

Within 30 days after the Commissioner's answer is filed or 30 days after entry of an order disposing of the last remaining motion filed under Supplemental Rule 4(c), whichever is later, plaintiff must then file his opening Brief in this case and serve it on the Commissioner. Fed. R. Civ. P. Supp. Soc. Sec. R. 6. In his Brief, plaintiff must explain why Social Security Administration erred in denying his benefits and outline his requested relief. Plaintiff must also identify arguments and legal authorities (e.g., cases, statutes, rules, etc.) that support his requested relief and stated reasons for such action. The Commissioner will then file a response Brief in this case and serve it on the plaintiff. Plaintiff may thereafter have an opportunity to file a reply Brief responding to the arguments in the Commissioner's response Brief and serve it on the Commissioner. A reply brief may not include new arguments that plaintiff did not raise in his opening Brief or the Commissioner did not raise in its response Brief. The Court also cautions plaintiff that failure to timely file an opening brief in compliance with this order may result in his case being dismissed without prejudice.

//

//

//

//

//

//

//

//

//

//

ACCORDINGLY,

**IT IS ORDERED** that:

1. Plaintiff's *Application to Proceed in Forma Pauperis* (ECF No. 7) is **GRANTED**. Plaintiff is permitted to maintain this action without the necessity of prepayment of fees or costs or the giving of security.
2. Plaintiff's Brief (ECF No. 9) is **DENIED** without prejudice and with leave to refile as outlined in this Order.
3. Plaintiff's *Motion for Status Check* (ECF No. 10) is **DENIED** as moot.
4. The Clerk of the Court is directed to file the complaint (ECF No. 1-1). The complaint shall be served on the Commissioner in accordance with Rule 3 of the Supplemental Rules for Social Security Actions under 42 U.S.C. § 405(g).
5. The Court accepts Commissioner counsel's *Notice of Appearance* (ECF No. 8) as proper given that plaintiff's IFP application has now been granted.

IT IS SO ORDERED.

DATED: September 28, 2026.

Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.